IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY N. THOMPSON and DARLENE THOMPSON, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SUPERIOR BANCORP, )<br>ALLSOURCE MORTGAGE, INC., and )<br>CRANE TITLE, INC., )<br>)<br>Defendants. ) | CASE NUMBER: 09-373<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. NOW COME the Plaintiffs and as their Complaint against Defendants state as follows:

### JURISDICTION

2. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331. Plaintiffs also make claims under Alabama Law and this court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

### SUMMARY OF CLAIMS

3. These claims arise from a real estate loan transaction resulting in mortgage upon Plaintiffs' home in Baldwin County, Alabama. Specifically, Plaintiffs' claims against Defendant Superior Bancorp ("Superior") arise under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. They also assert claims against Superior, AllSource Mortgage, Inc., ("AllSource") and Crane Title, Inc., ("Crane") under the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601 et seq. The actual costs associated with the loan were never disclosed to Plaintiffs and Defendants are liable for damages for the failure to properly disclose those costs. RESPA

and fraud claims are made against Superior for paying a kickback to AllSource for the referral by AllSource of the Plaintiffs' loan at an above "par rate."[1] Also, many of the fees charged incident to the federally related loan closing were padded and duplicative. Finally, Plaintiffs make fraud and suppression claims against Superior and AllSource under state law.

## THE PARTIES

4. Plaintiffs are both individuals of full age of majority and are resident citizens of the State of Alabama.

5. AllSource is a mortgage broker or "middleman." AllSource is an Alabama corporation with its principal place of business in Mobile, Alabama.

6. Crane acted as settlement agent for Superior regarding the loan at issue. Crane is an Alabama corporation and has its principal place of business in Mobile, Alabama.

7. Superior is engaged in the originating, holding and selling of federally related mortgage loans. Superior does business in this district by making, holding and selling mortgages loans on real property within this district. Superior is a banking corporation with its principal place of business in Birmingham, Alabama.

## FACTUAL ALLEGATIONS

8. On or about November 10th 2008, Plaintiffs obtained a real estate mortgage loan from Superior and brokered through AllSource.

9. AllSource did not close or fund the loan but simply took Plaintiffs' loan application, charged them exorbitant broker and processing fees, and referred the loan to Superior in exchange for a kickback.

---

[1] The "par rate" refers to the rate at which the lender will fund 100% of a loan with no premiums or discounts paid to the broker.

2

10. Plaintiffs granted Superior a security interest in real estate that is used by them as their principal dwelling.

11. The loan was closed by Crane, a settlement agent hired and required by Superior.

12. Superior was required to provide Plaintiffs certain disclosures pursuant to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., (TILA) and its implementing regulations (Reg. Z).

13. Under TILA and Reg. Z, Superior was required to clearly and conspicuously disclose the "amount financed" and the "finance charge," among other things, in connection with the loan.

14. AllSource and Superior entered into a scheme by which the transaction was disguised as a purchase and sale to, among other things, avoid giving Plaintiffs notice of their three-day right to cancel the transaction.

15. The transaction actually constituted a non-purchase lien secured by Plaintiffs' principal residence.

16. The home at issue had been owned by Mrs. Thompson and her son since 2005.

17. On the date of the application for the loan and at all times relevant hereto the home was the principal residence of Mrs. Thompson and her husband, Mr. Timothy Thompson. This fact was known by AllSource and Superior.

18. Various fees charged incident to the extension of credit to Plaintiffs were illegal, unearned or padded and therefore not *bona fide* or reasonable as those terms are used in 12 C.F.R. § 226.4(c)(7).

19. Incident to the transaction, Plaintiffs were given contradictory disclosures of the "itemization of the amount financed."

20. One set of "disclosures" stated that all closing costs and fees were being paid be the "seller" while another stated that these costs were paid by the "buyer."

21. If the buyer paid the closing costs, as disclosed that would be included in the finance charge, the APR would be 7.0548% as calculated with an amount financed of $149,260.77.

22. The disclosed APR was 6.875% as calculated with an amount financed disclosed to be $150,000.00.

23. There was no disclosure whatsoever of the Plaintiffs' three-day right to cancel the transaction.

24. Plaintiffs' disclosures reflect that they paid either $0.00 or over $7,000[2] in closing costs associated with their loan. These costs included at least the following fees, all required by the lender and paid at closing:

-A fee paid to AllSource of $380.00 for "Escrow Waiver Fee,"

-A fee paid to AllSource of $1,520.00 for "Mortgage Broker Fee,"

-A fee paid to AllSource of $650.56 for "SRP,"[3]

- A fee, paid to Superior, of $14.00 for "Flood Certification,"

- A fee, paid to Superior, of $69.00 for "Tax Service,"

- A fee, paid to Superior, of $533.00 for "Processing Fee,"

- A fee, paid to Crane of $325.00 for "Settlement or closing fee,"

- A fee, paid to Crane, of $967.00 for title insurance,

- A fee, paid to Crane, of $45.00 for "Overnight/Courier Fees,"

- A fee, paid to an undisclosed recipient, of $128.00 for "Recording Fees,"

---

[2] This depends on which disclosure statement one is looking at.
[3] This fee constitutes the kickback paid by Superior for the referral of the loan at an above par rate.

25. Under TILA and Reg. Z, "real estate related fees" may be *excluded* from the calculation of the finance charge only if such charges are *bona fide* and reasonable. Otherwise, they are finance charges which must be disclosed as such. See Reg. Z, § 226.4(c)(7).

26. Crane was fully compensated for every service it performed by the "Settlement of Closing Fee" it charged.

27. Despite having already been fully compensated, Crane padded the fees charged for recording and charged more than the legal rate for title insurance.

28. Many of the fees enumerated above were duplicative, unearned[4], marked-up and padded in violation of RESPA and as such they are fees for other than services actually rendered.

29. The marked-up, duplicative and unearned fees include the "Escrow Waiver Fee," the "SRP," the "Recording Fee," the "Overnight/Courier Fees," and the title insurance fee.

30. No compensable service was performed by AllSource for the "SRP" or the "Escrow Waiver Fee" because it had already been fully compensated by its "Mortgage Broker Fee."

31. AllSource received and Superior paid the "SRP." This fee was an unearned kickback. It was also duplicative because Superior had already been fully compensated by its broker fee.

32. Charges for fees associated with the recording of mortgages and deeds may be excluded from the computation of finance charge only to the extent actually paid to the governmental entity. If those charges exceed the amount actually paid to record the mortgage, then they are finance charges and must be disclosed as such pursuant to 15 U.S.C. § 1605(d).

33. Assuming any of the charge of $128.00[5] imposed upon the Plaintiffs as a "recording fee" actually paid to a recording office for recording, the fee was padded and

---

[4] The term "unearned" as used herein means that no service was provided.

exceeded the amount charged by the probate office for the recording. Because the recording fee charge exceeds the fee actually paid to record the mortgage, it was a finance charge and should have been disclosed as such.

34. The padded and marked-up charges were charged incident to the extension of the credit and were not bona fide or reasonable because they were marked up or padded in violation of RESPA. These fees should have been *excluded* from the calculation of the "Amount Financed" and *included* in the calculation of the "Finance Charge."

35. The TILA disclosures provided to the Plaintiffs in connection with their loan understated the finance charge because of the misallocation of charges incident to the extension of the credit.

36. This misallocation of items that should have been *included* in the finance charge also resulted in an understatement of the Annual Percentage Rate ("APR").

37. Because they were never given a notice of their three-day right to cancel and because of the understatement of the finance charge and/or the APR Plaintiffs have retained an extended right to rescind the transaction pursuant to 15 U.S.C. § 1635.

38. AllSource collected unearned fees in connection with the instant transaction including but not limited to the SRP paid to AllSource by Superior.

39. The SRP paid to AllSource by Superior was an unearned kickback because the total compensation paid to AllSource was not reasonable in light of any services that AllSource may have performed.

40. The SRP was duplicative and could not have been earned because AllSource performed no service for that fee and it had already been over compensated by the other fees that it charged.

---

[5] The HUD-1 settlement statement does not disclose to whom this fee was paid.

6

41. The SRP was, in actuality, a yield spread premium[6] or unearned kickback paid to AllSource by Superior for the referral of a loan with an above par rate.

42. At all times material herein, AllSource represented to Plaintiffs that it would represent their interest and get them mortgage loan on the best terms available.

43. Those representations were false and fraudulent.

44. Plaintiffs relied on these representations and the representations contained in the disclosures when they entered into the mortgage transaction at issue.

45. Plaintiffs paid AllSource the broker fee as stated above and in exchange for the fee, AllSource was to obtain a mortgage on the best terms available.

46. Unbeknownst to Plaintiffs, AllSource and Superior had entered into a joint venture whereby Superior would pay kickbacks to AllSource for the referral of above par loans.

47. The payment of a kickback by Superior to AllSource constitutes intentional interference with Plaintiffs' contract with AllSource.

48. Plaintiffs relied on Defendants' disclosures and representations that the fees that were charged were proper, legal, *bona fide* and reasonable.

49. Defendants suppressed the facts that fees were paid pursuant to a kickback arrangement and that other fees were illegal, padded and marked up.

50. Plaintiffs would not have entered into the loan transaction if they had known the true nature of the arrangements between AllSource and Superior or if they had known that many of the fees that they were charged were illegal, padded and/or duplicative.

51. Superior paid and AllSource received a SRP (kickback) in connection with the referral of Plaintiffs' loan to Superior.

---

[6] A yield spread premium ("YSP") is "a payment made by a [mortgage] lender to a [mortgage] broker in exchange for that broker's delivering a mortgage that is above the 'par rate' being offered by the lender." *1264 *Heimmermann v. First Union Mortgage Corp.*, 305 F.3d 1257, 1259 (11th Cir.2002).

7

## COUNT I

### TILA VIOLATIONS

52.     Plaintiffs reallege all the relevant preceding allegations as if set out here in full.

53.     This count asserts claims against Defendant Superior for TILA violations.

54.     Superior is a "creditor" within the meaning of TILA, 15 U.S.C. § 1602(f).

55.     The disclosures issued by Superior with respect to the Plaintiffs' loan violated the requirements of TILA and Reg. Z in at least the following ways:

    a.     By failing to include in the finance charge certain charges listed above and payable by Plaintiffs incident to the extension of credit as required by 15 U.S.C. §1605 and Reg. Z § 226.18;

    b.     Using contradictory disclosures as stated above;

    c.     Failing to notify plaintiffs of their right to cancel the transaction as required by 15 U.S.C. § 1635.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants Superior and, pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. §1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     An award of reasonable attorney fee and costs; and

D)     Such other relief at law or equity as this Court may deem just and proper.

## COUNT II

### RESPA VIOLATIONS OF SUPERIOR AND ALLSOURCE

56. Plaintiffs reallege all the relevant preceding allegations referenced as if set out here in full.

57. This is a count against Superior and AllSource only.

58. Plaintiffs' loan is a federally related mortgage loan within the meaning of RESPA.

59. Superior and AllSource violated RESPA by paying or receiving unearned fees, kickbacks or other things of value (including "Yield Spread Premiums" and the like) pursuant to an agreement or understanding that business incident to or a part of a real estate settlement service involving "federally related mortgage loans" would be referred to Superior by AllSource.

60. Both AllSource and Superior charge unearned fees or fees for other than services rendered.

61. Pursuant to 12 U.S.C. §2607(d)(2), Plaintiffs are entitled to recover, and they hereby seek to collect, from the defendants an amount equal to three times the amount of any and all charges for unearned fees and "Yield Spread Premium" paid directly or indirectly by Plaintiffs (including any POC amounts such as "SRP," "Yield Spread Premium" or the like), as well as any and all other amounts or damages allowed to be recovered by RESPA.

WHEREFORE, Plaintiffs demand judgment against AllSource and Superior for an amount equal to three times the amount of any and all unearned charges plus charges three times the charge for any "Yield Spread Premium" paid directly or indirectly by the Plaintiffs, attorney's fees, costs and for such other relief and award to which Plaintiffs may be entitled, or as determined just and appropriate by this court.

## COUNT III

### CLAIMS FOR VIOLATIONS OF RESPA BY CRANE

62. Plaintiffs reallege all the relevant preceding allegations by reference as if set out here in full.

63. This is a count against Crain for paying or receiving unearned fees.

64. Crane received unearned fees as enumerated above.

65. Services were provided for some of these charges by other parties and not Crane.

66. Crane was required by RESPA and TILA to itemize these charges and list each person who was paid regarding the Plaintiffs' transaction.

67. Crane did not list the third parties that actually performed the services as required and did not disclose any recipient for the charges but instead either, erroneously and falsely listed to whom each charge was paid or did not disclose the recipient of the charge thereby concealing the unearned up-charge or mark-up of services provided by others.

WHEREFORE, Plaintiffs demand judgment against Crane for an amount equal to three times the amount of any and all unearned and/or illegal charges for "settlement services" paid directly or indirectly by the plaintiffs, attorney's fees, costs and for such other relief and award to which Plaintiffs may be entitled, or as determined just and appropriate by this court.

## **FRAUD AND PREDATORY LENDING**

68. The relevant allegations stated in the above paragraphs are incorporated as if fully asserted herein.

69. This count is against defendants AllSource and Superior.

70. As stated above, prior to and at the closing of the instant transaction, AllSource and Superior misrepresented and suppressed material facts in order to induce Plaintiffs to enter into the instant transaction.

71. Among the materials facts misrepresented and or suppressed were:

    a. The fact that Superior paid a kick back to AllSource in exchange for AllSource selling the plaintiffs a loan with an above par rate;

    b. The fact that AllSource and Superior were members of a joint venture wherein Superior paid kick backs to AllSource for the referral of loans with an "above par" rate;

    c. The fact that the disclosed APR and finance charge were understated;

    d. The fact that, as stated above, many of the settlement charges were illegal, padded and marked up; and

    e. The fact that they had three days to rescind the loan.

72. At all relevant times AllSource was the agent of Superior and the two maintained a joint venture in which they defrauded Plaintiffs and others.

73. The fraud was intentional or occurred because of the negligent training or supervision of employees by AllSource and/or Superior.

74. As a result of the conduct of AllSource and Superior Plaintiffs suffered damages. Wherefore Plaintiffs claim actual and punitive damages of Superior and AllSource.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

        s/ Earl P. Underwood, Jr.
        EARL P. UNDERWOOD, JR. (UNDEE6591)
        Attorneys for Plaintiff
        21 South Section St.
        Fairhope, Alabama 36532
        Telephone: 251.990.5558
        Facsimile: 251.990.0626
        E-mail: epunderwood@alalaw.com